HARRIS, J.
Officers approached a vehicle parked in a non-designated parking area behind a closed business at 1:30 in the morning and found Blice apparently asleep. Upon approaching the vehicle, the officers observed what they believed to be the butt of a handgun partially concealed by an article of clothing. This portion of the event was a police/citizen encounter. Because Blice was parked late at night next to a breezeway of a closed business, an area not designated for parking, and near a restaurant open for business with a handgun beside him partially concealed by an article of clothing, perhaps such concealment occurring upon the officers’ approach, the officers asked Blice to step out of the vehicle. This portion of the event was a Ten'y stop.
The officers asked Blice why he was parked in this location at this hour. He could not give a satisfactory answer. The officers mentioned seeing the handgun in the car and asked for permission to search the vehicle further. Blice gave permission to search. The search revealed the partially concealed firearm to be a loaded semi-automatic Tech-9 with 33 rounds of ammunition in it. The search also revealed a sledge hammer, an AK-47 rifle with 150 rounds, a loaded shotgun, a full face mask, a knife, military clothing, and a glass bottle containing paint thinner with a rag inside. Blice was arrested for possessing the concealed weapons which turned up during the search. At the police station, Blice confessed to robbing several people at a video store eight days earlier.
Blice ultimately pled to three armed robbery charges but appeals the court’s refusal to suppress the evidence seized following the Terry stop and the resulting confession on the basis that the officers lacked reasonable or founded suspicion to conduct the Terry questioning. We disagree.
We believe that finding someone parked near a closed business where parking is inappropriate late at night in the vicinity of an open restaurant taken together with the fact that the individual has a partially concealed firearm next to him, perhaps the effort at concealment occurring upon the officers’ approach, created such reasonable suspicion that a crime had occurred, was occurring or was about to occur to justify the Terry stop and inquiry. Indeed, ignoring this situation would have been irresponsible and might have led to a tragedy at the nearby restaurant.
AFFIRMED.
PALMER, J., concurs.
THOMPSON, C.J., concurs specially, with opinion, in which PALMER, J., concurs.